EDMONDSON, Chief Judge,
specially concurring in part’and dissenting in part:
In these appeals, we are called upon to clarify the interaction of two laws which Congress has approved: Fed.R.Civ.P. 60 and AEDPA. As I understand our duty in such instances, we must give each all the force that we can. See, e.g., Reg’l Rail Reorganization Act Cases, 419 U.S. 102, 95 S.Ct. 335, 354, 42 L.Ed.2d 320 (1974) (“A new statute will not be read as wholly or even partially amending a prior one unless there exists a positive repugnancy between the provisions of the new and those of the old that cannot be reconciled.”) (emphasis added). I agree, however, that AEDPA would trump Rule 60 when, and to the degree, an irreconcilable conflict arises. I believe that Judge Tjoflat has the better understanding of how these laws interact: his view seems more correct to me because it leaves Rule 60 more intact as well as crediting AEDPA.
The Supreme Court’s decision in Calderon, I think, does not control the present cases. In Calderon, the Court did not deal with Rule 60 and was not governed by AEDPA; so, the Supreme Court did not grapple (as we do now) with the duty to give the fullest possible credit to two different laws, each of which Congress had approved. I cannot agree that extending Calderon — an inherent-judicial-powers case in which the Supreme Court acted not only as interpreter of laws, but also as supervisor of lower courts — is either necessary or proper for the present appeals.
I suppose that the sharp-edged formulation today’s Court makes of Rule 60 will be easier for courts to apply. It might be easier because this approach seems to require less deliberate study of the pertinent motion — study to determine accurately not just the name of the pertinent motion, but the function of the motion (is it in reality a claim of illegal detention: a habeas petition?) — than would be required by the law as Judge Tjoflat understands it. For this reason and others, I personally like the ingenious formulation today’s Court makes of Rule 60 in habeas cases.
If I were the policy-maker for the nation, I might embrace today’s Court’s formulation. (Perhaps Congress will too.) But, of course, federal judges are not the rightful makers of policy in this sphere. And we cannot properly favor what is convenient over what is true. And what, to me, is truly required jurisprudentially in a case like this one is the approach that gives both of the laws Congress has approved their fullest possible force. Moreover, I am confident that judges have the ability to apply the law as Judge Tjoflat *1287 has found it: it is hornbook law that courts are to determine the legal effect of motions by the motions’ substance rather than by their titles.
I know of the frustrations caused by the lack of finality in litigation. I personally am keen for more finality in the criminal justice process. But today, the finality that we as judges can rightly impose on the criminal process is no more finality than Rule 60 and AEDPA will allow when these laws are each faithfully given the fullest possible force. In the light of this principle, I join in the results Judge Tjoflat would reach in these appeals.